**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4132**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVITS WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00290-D-1)

Submitted:  October 19, 2021                    Decided:  October 21, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javits Williams pled guilty, pursuant to a written plea agreement, to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), possession with intent to distribute 28 grams or more of cocaine base and quantities of cocaine, heroin, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed concurrent sentences of 204 months' imprisonment on the controlled substance counts and a concurrent 120-month sentence for the firearm conviction, for a total of 204 months' imprisonment. On appeal, Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Williams' sentence. Although advised of his right to file a pro se supplemental brief, Williams has not done so. We affirm in part and dismiss in part.

The Government has moved to dismiss the appeal based on the appellate waiver in Williams' plea agreement. Williams' waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss.

Where, as here, the Government seeks to enforce an appeal waiver and Williams has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Williams does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627

(4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Williams' challenge to the reasonableness of his sentence falls with the scope of the waiver. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence.

In accordance with *Anders*, we have thoroughly reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. Accordingly, we dismiss Williams' appeal of his sentence and otherwise affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*